Lois HIGGS et al., Appellants,

v.

AMARILLO POSTAL EMPLOYEES CREDIT UNION, Appellee.

No. 7151.

Court of Civil Appeals of Texas.

Amarillo.

May 21, 1962.

Rehearing Denied June 18, 1962.

Merchant, Fitzjarrald, Poole & Merchant, Amarillo, for appellants.

Harris Lofthus, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from the court below involving a contest between two assignment creditors and a holder of a note upon which suit was pending over the disposition of a debtor's funds in the garnishee bank. All emphases shown herein are ours.

On October 27, 1960 Amarillo Postal Employees Credit Union filed suit against Jack Mills on a past due note in the amount of $1,486.72 and immediately afterwards served a Writ of Garnishment on North State Bank where Mills had on deposit $1,200.00. The bank filed their answer on October 31, showing their indebtedness to Mills of the amount just stated and asking for $200.00 attorneys' fees.

Mills filed his answer on November 4, 1960. On December 19, thereafter, Mills executed an assignment to his mother-in-law, Lois Higgs, in the amount of $850.00 and an assignment to Merchant, Fitzjarrald, Poole & Merchant, a law firm, in the amount of $350.00. The next day Mills filed a Motion to Quash the Garnishment.

On January 27, 1961 the garnisher served its second Writ of Garnishment on Mills' bank deposit. On April 7, 1961 the trial court heard the Motion to Quash, ordered the first Affidavit for Garnishment quashed, permitted the garnishee recovery out of Mills' funds on deposit of $200.00 for attorneys' fees and ordered the balance of $1,000.00 in his account be deposited in the Registry of the Court.

On May 15, 1961 the two assignment creditors, the mother-in-law of Mills and the law firm, filed a Plea of Intervention.

On June 5, 1961 the garnisher filed its Motion to Strike Intervenors Plea of Intervention. On the same day the case was tried on its merits. The court rendered judgment in the amount of $1,546.20, being the sum due on the note with interest, attorneys' fees, etc. for the garnisher and ordered the clerk of the court to pay to the garnisher the $1,000.00 in the Registry of the Court as a credit on the judgment. Appeal is perfected by intervenors upon one point, to wit: "It was error for the Trial Court to award funds to plaintiff under a void garnishment when the same had been legally assigned and transferred prior to the issuance of a valid garnishment."

■ The Statement of Facts herein show two valid written assignments with sufficient consideration in each made respectively to Mrs. Higgs and the law firm. There are no findings of fact or conclusions of law before us nor does the judgment recite a finding that the assignments were made in defraud of creditors. We recognize the rule that if issues of fact were raised we must view the evidence most favorable to appellee and to presume that all facts necessary to support the judgment have been found in favor of appellee, pro-

vided the evidence will support such findings. United States Truck Lines v. Texaco, Inc., Tex.Civ.App., 337 S.W.2d 497 (Writ Refused). However, this record is without contradiction that the assignments were validly made upon sufficient consideration and with the intention of the debtor to prefer two creditors over another.

Our Supreme Court in Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769, has said:

"Every payment of a debt by an insolvent, whether made in money or property, tends in a popular sense to hinder, delay or defraud other creditors in the collection of their respective debts. In the same sense, the taking a lien on part of an insolvent's property to secure a debt necessarily has the effect of hindering other creditors in the enforcement of payment of their debts by a sale of the entire interest in the property on which the lien is given. *In the absence of a law declaring preferences invalid, * * * every debtor has the right to pay or secure one or more of his just debts with any property he has, provided that no more property is transferred than is reasonably necessary to pay or secure the debt.* A mere intention to prefer one creditor over the other thus will not vitiate the transaction, and the conveyance or security instrument will not be held void as to creditors unless it was executed with fraudulent intent or amounts to a fraud in law."

The court in the Quinn case then said: "Whether a conveyance or lien instrument was made with intent to defraud creditors is ordinarily a question for the jury or the court passing on the fact. * * *and the burden of proving fraudulent intent was on the respondent"* [appellee in the instant case]. This record is silent on proof of fraudulent intent. The court below could not presume such intent and neither can we. 26 T.J.2d, Sec. 160, Fraudulent Conveyances, Page 451.

It appears without controversy in the record that the attempted garnishment of October 27, 1960 was void because it was based on an insufficient affidavit. The judgment of the trial court so states, the affidavit included in the transcript shows on its face its invalidity, and appellee obviously recognized it because a second garnishment was served before the court even passed on the first affidavit. Since it was void it is just as if no garnishment had been made, and the fact that the assignments made by Mills were prior in time to the valid garnishment left no indebtedness by the bank to Mills and the second garnishment impounded nothing. In Smith v. Texas & P. Ry. Co., Tex.Civ.App., 39 S.W. 969, 972 (Writ Refused) it is said:

"If the debtor had previously assigned the debt, then the equitable title and beneficial interest passed thereby to another party, and he owed such other party [other parties in our case] and not the debtor of the garnishing creditor."

In New York Life Ins. Co. v. Patterson & Wallace, 35 Tex.Civ.App. 447, 80 S.W. 1058, 1061 (Error Refused) the court said:

"The appellant in this case took no greater rights in the fund deposited in the Dallas bank, by its writ of garnishment and service thereof, than Mannering possessed at the time of such service. He having previously assigned the amount of $275 of said fund to the intervenors, that amount, then, was the property of and owned by the intervenors, and was not subject to the writ of garnishment."

Accordingly the judgment is reversed wherein the $1000.00 in the Registry of the Court was ordered paid to appellee and the funds are ordered paid to the assignees, appellants here, in proportion to their respective interests. The judgment of Amarillo Postal Employees Credit Union against Jack L. Mills is affirmed.