**Mary Martha WALKER, Appellant,**

v.

**Webb WALKER, Jr., Appellee.**

**No. 17639.**

Court of Civil Appeals of Texas, Fort Worth.

July 11, 1975.

Rehearing Denied Sept. 12, 1975.

Garrett, Burkett & Bodoin, and Robert R. Bodoin, Fort Worth, for appellant.

Walker, Bishop & Larimore, and John R. Lively, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an action for divorce instituted by Mary Martha Walker against her husband, Webb Walker, Jr. She sought a dissolution of this marriage of 30 years, a division of the property of the parties and the recovery of reasonable attorney's fees. Petitioner filed an inventory showing that the community owned a home along with the furnishings therein. The respondent likewise filed an inventory showing the same homestead and contents and some minerals and producing royalties, personal property, and extensive liabilities, probably exceeding the value of the assets. The transcript reflects that the parties had executed a note secured by a deed of trust lien upon the homestead. The holder of the lien was made a party to the suit and alleged that the parties were in default in the payment of their monthly obligations and prayed that the lienholder be permitted to foreclose under the deed of trust lien. The court appointed a receiver who took charge of the homestead and sold same, paid the lienholder, and all expenses of the sale, and deposited $45,472.71 into the registry of the court, being the net proceeds of the sale.

Thereafter, on December 27, 1974, after a trial before the court without a jury, the trial court granted the divorce, divided the property, ordered certain costs and attorney's fees to be paid out of the money in the registry of the court, and then divided the remaining money in the registry of the court equally between the parties. The court then ordered these parties to be obligated for and responsible for all debts incurred by them individually since the date of the filing of this divorce suit and ordered the right of contribution and indemnity to the other spouse to carry out the terms of the above provision.

The judgment then provided as follows:

"The Court further finds that all obligations testified to by the parties incurred prior to January 31, 1974, are community debts.

"It is therefore ORDERED that both parties are hereby charged with all community debts incurred prior to January 31, 1974, and both parties are charged with liability therefor."

There is no statement of facts, nor do we have before us findings of fact or conclusions of law.

The wife's sole point of error asserts, "The trial court erred in failing to order a division of the estate of the parties, since it failed to decree liability for the bulk of the parties' community debts."

■ This point of error is rather vague and overbroad. If we are able to determine the matter complained of by examining the statement and argument thereunder then we will consider the point of error. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943). By this point of error appellant either asserts that the trial court wholly failed to divide the debts or that the trial court abused its discretion in the manner in which the debts were divided.

■ It is our opinion that the judgment did charge both parties with liability for the payment of the community debts. If the above point of error means that the trial court erred in wholly failing to divide the community debts then it is overruled.

An analysis of the judgment reveals that the court found that all the obligations incurred during the marriage up to the time the divorce was filed were community debts as reflected by the testimony during the course of the trial. The court then took into consideration the testimony of the parties and then charged each of the parties with liability therefor. Without a statement of facts or findings of fact and conclusions of law we can only assume that each of the parties contracted community debts under circumstances making each jointly liable and that was the effect of their testimony in the trial court.

■ In a decree of divorce the court has the duty to order a division of the estate of the parties in a manner that the court deems just and right, having due regards to the rights of each party. Texas Family Code, Sec. 3.63. Such division of the property must take into consideration all the equities, the nature of the property, the debts secured by liens on property awarded to each, the liabilities, and the ability of the parties to manage the property that is encumbered in order that the property will not be lost to both spouses by foreclosure. Such division must be done in subordination to the rights of creditors. Creditors without lien have no interest in the disposition of the exempt property of the debtor, but as to property not exempt, and upon which creditors might lawfully levy a writ for the satisfaction of their demands, the court has no power to award same to their prejudice. *Broadway Drug Store of Galveston v. Trowbridge,* 435 S.W.2d 268 (Houston Tex.Civ.App., 14th Dist., 1968, no writ hist.).

■ The trial court had no power in this divorce proceeding to diminish or limit the power of the creditors to proceed against either of the spouses for payment of their debts that such creditors had prior to the granting of the divorce.

Bearing in mind the limitations above stated, the trial court then did have the authority, as between the parties only, to determine their liability to third party creditors. "The power to partition, having due regard for the community debts, necessarily includes the power to order one of the parties to pay such debts, for which just allowance should be made in the partition." Speer's Marital Rights In Texas, Divorce, Section 840 (1961 Ed.). See also *Cusack v. Cusack,* 491 S.W.2d 714 (Corpus Christi Tex. Civ.App., 1973, writ dism.).

If appellant, by its point of error, is asserting that the trial court abused its discretion in the manner in which the community debts were divided then same is overruled.

■ To overturn a judgment dividing the property incident to the decree of divorce, the appellant must show an abuse of discretion by the trial court in that the disposition was manifestly unjust and unfair. Such awards will not be disturbed unless there is a clear abuse of discretion. *Weaks v. Weaks,* 471 S.W.2d 454 (Beaumont Tex.Civ.App., 1971, dism.). There is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. *Waggener v. Waggener,* 460 S.W.2d 251 (Dallas Tex.Civ. App., 1970, no writ hist.). Absent a statement of facts, we must assume the trial court has rendered the correct judgment in the absence of fundamental error. *Commercial Credit Corporation v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945). Fundamental error obtains if the trial court assumes jurisdiction where none exists or the error complained of adversely affects the interest of the public generally. *Godde v. Wood,* 509 S.W.2d 435 (Corpus Christi Tex. Civ.App., 1974, ref., n.r.e.). Absent findings of fact and conclusions of law, the courts of civil appeals must affirm the judgment if it can be upheld on any legal theory which has

support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup., 1962).

■ On the basis of the record before us we cannot hold that the trial court abused its discretion in rendering the judgment that it did. We find no fundamental error.

In view of our holding and the disposition of the case appellee's motion to dismiss the appeal is overruled.

The judgment is affirmed.

MASSEY, C. J., concurs.

MASSEY, Chief Justice.

I am of the opinion that by the wife's point of error she intended to show her right to have anticipatory adjudication of right to contribution from her husband of a "percentage certain" in the event she should pay community debts. I am of the opinion, however, that if such was her intent there was failure to raise it by point of error.

In other words, we might for simplification assume for a hypothesis that the wife's brother was owed $20,000.00 by the parties as the true community indebtedness; that the wife desired that her brother be paid and that she paid him with her part of the money awarded by the judgment. By the judgment she was charged with the indebtedness; and likewise her husband was charged. The husband, of course, would not owe anything to his former brother-in-law after he was paid. Nor would the husband owe any reimbursement to the wife by reason of her having paid the indebtedness, at least by the judgment from which appeal was taken.

It is easy to perceive that injustice might result from hypothesized circumstances such as set out above. There would in the case set forth be a grave question whether the wife would find the door of the Courthouse open to her in an attempt to obtain relief at law, i. e., if the husband was unwilling to reimburse her in any degree.

I believe it would be well for the trial court, in a case such as this, to make provision for apportionment and/or contribution as applied to any indebtedness which by judgment is charged against both parties should such be paid by one of them. Complications are involved when the provisions of our new Family Code relative to what community property is and when it is to be deemed such. Reference would necessarily be made thereto in any case where a similar question might arise.

Nevertheless I agree that the judgment should be affirmed, the point of error being insufficient to make the right to reversal depend upon an answer to a question such as the one stated by hypothesis.