STEWART TITLE COMPANY et al., Appellants,

v.

Catherine Evans HUDDLESTON, Appellee.

No. 16187.

Court of Civil Appeals of Texas, San Antonio.

Jan. 30, 1980.

Rehearing Denied April 9, 1980.

Second Rehearing Denied May 7, 1980.

Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, Samuel D. Dibrell, Dibrell, Dotson, Dibrell & Dibrell, San Antonio, for appellants.

James R. Bass, John G. McGarr, Jr., Law Offices of James R. Bass, Inc., San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

Defendants, Stewart Title Company, Louise Munn Jehl, Mildred Munn Martin and Francis J. Jehl, administrator of the estate of William O. Davis, appeal from a summary judgment declaring that the interest of plaintiff, Catherine Evans Huddleston, is free from the claims of defendants under certain judgment liens based on judgments recovered by defendants against Edward Huddleston, plaintiff's former husband.

The debts on which the judgments were based were incurred during the time that plaintiff and Edward were married, and must be regarded as community debts. The land in question was a part of the community estate of plaintiff and her former husband.

As a result of a divorce suit filed by plaintiff, a decree was rendered by a district court of Aransas County on January 6, 1975, terminating the marriage between plaintiff and Edward Huddleston. Prior to the date of the divorce plaintiff and her former husband had entered into an agreement concerning, among other things, the division of the property. This agreement, which was approved by the court, was incorporated by reference as a part of the decree of divorce. Under this agreement, plaintiff was awarded certain items, including real estate and cash, and Edward Huddleston was awarded certain personal and real property. According to the decree and agreement, each party received an undivided one-half interest in the real property involved in this litigation.

After the Huddlestons were divorced, defendants filed suit against plaintiff's former husband and were awarded judgments against him based on community debts. Plaintiff was not a party to such suits, was not served with citation and entered no appearances. Plaintiff is not named in any of the judgments. Subsequently, the holders of the judgments abstracted the judgments, thus perfecting their judgment liens.

On September 9, 1977, plaintiff filed suit for judgment declaring that defendants' claims under the abstracted judgments were not valid as to the land in question. Defendants answered and included prayers for foreclosure of the judgment liens against both plaintiff and her former husband. In addition, the Davis estate sought judgment against plaintiff on the original debt owed to the Davis estate.

The trial court rendered summary judgment declaring that plaintiff was not bound by the judgments against her former husband, and that her interest in the land in question was not subject to defendants' claims under the abstracted judgments. Subsequently, the trial court entered an order severing plaintiff's cause of action against defendants from that portion of the case involving defendants' claims against plaintiff.

Defendants first assert that the trial court erred in granting plaintiff's motion for summary judgment, because defendants were pre-existing creditors without notice of the disposition of the community estate by the divorce decree and settlement agreement.

It is true that a divorce decree does not diminish or limit the rights of creditors to proceed against either or both spouses for payment of debts owed to the creditors prior to the divorce decree. Tex. Fam.Code Ann. § 3.63 (Vernon 1975); *Walker v. Walker*, 527 S.W.2d 200, 203 (Tex. Civ.App.—Fort Worth 1975, no writ). It is also true that nonexempt property remains subject to the claims of community creditors, even after divorce. A spouse who receives property which would, absent a divorce, be subject to the claims of creditors remains personally liable, and the property so received remains subject to being taken to satisfy the claims of the community creditors. *Swinford v. Alliance Fin. Co. of Casa View*, 424 S.W.2d 298, 301 (Tex.Civ.App.— Dallas 1968, writ dism'd), *cert. den.*, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259 (1968).

The above rules, while well established, are not applicable here. As already pointed out, at the time that defendants filed their suits against Edward Huddleston, he and plaintiff had been divorced and owned the property in question as tenants in common. Since a judgment cannot have the effect of imposing joint liability on one who has not been made a party to the suit, it is clear that defendants' judgments against Edward Huddleston imposed no liability on plaintiff. *Zodiac Corp. v. General Elec. Credit Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978, no writ). The adoption of the Family Code abolished the doctrine of virtual representation, under which the husband was deemed to represent the wife in any suit involving the liability of the community estate. *Dulak v. Dulak*, 513 S.W.2d 205, 207 (Tex.1974). Even if the doctrine of virtual representation was still applicable between husband and wife, the power of the husband to act as the representative of the wife would not survive the dissolution of the marriage by divorce. *Roemer v. Traylor*, 60 Tex.Civ.App. 437, 128 S.W. 685, 689 (Tex.Civ.App.—Galveston 1910, writ ref'd).

The property settlement agreement and the divorce decree were not recorded in the office of the county clerk until some two years after defendants had abstracted their judgments against Edward Huddleston. From this fact defendants argue that they were not charged with notice of either the agreement or the decree and that both were void as to them. This contention is based on the provisions of Article 6627, Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1980), and Sections 5.03 and 5.42(d), Tex.Fam.Code Ann. (Vernon 1975). We consider defendants' argument to be beside the point. It overlooks the fact that no judgment against Edward Huddleston could be binding on plaintiff. An abstracted judgment creates a lien only on the property of the judgment debtor and does not extend to land owned by those who are not parties to the judgment. Plaintiff's interest in the land in question arose independently of the divorce and property settlement agreement. Its existence resulted from our laws concerning the nature of property acquired during marriage, and her interest in the land could be subjected to

the payment of debts only on the basis of a judgment against her in a suit to which she was a party. This would have been true even if the judgment against Edward Huddleston had been rendered before he and plaintiff were divorced. Plaintiff's interest in the land in question after the divorce differs in no way from what her interest in such land would have been if there had been no agreement, and if the judgment made no mention of the property. Had the divorce court made no disposition of the property in the decree of divorce, plaintiff and her former husband would have remained owners of the property as tenants in common. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451, 456 (Tex. Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.). Therefore, even if the statutes relied on by defendants require that we give no effect to the separation agreement and property provisions of the divorce decree, plaintiff's claim to the land in question as a tenant in common remains undisturbed.

There was no question of fact concerning the ownership of the land in question by plaintiff. The record establishes that legal title to the land in question had been conveyed to a trustee for the purpose of creating an "irrevocable" trust. However, the trust instrument expressly empowered the trustee to terminate the trust by transferring title to the land to the beneficiary. The record undisputably established that the trustee had, in fact, conveyed the land to plaintiff.

Defendants assert that there were issues of material fact relating to whether the property settlement agreement was entered into with the intent to defraud existing creditors, and whether Edward Huddleston was insolvent at the time of the execution of such agreement. There can be no doubt that one who asserts fraud has the burden of proving it. *Higgs v. Amarillo Postal Employees Credit Union*, 358 S.W.2d 761, 763 (Tex.Civ.App.—Amarillo 1962, no writ). As against plaintiff's petition, the plea of conveyance in fraud of creditors was

clearly an affirmative defense under Rule 94, Tex.R.Civ.P., and the burden was on defendants to produce summary judgment "evidence" in support of such defense in order to oppose plaintiff's motion for summary judgment. Defendant's brief fails to call our attention to any portion of the record containing such "evidence" in support of their defense. *Torres v. Western Cas. & Sur. Co.*, 457 S.W.2d 50, 53 (Tex. 1970). As to such affirmative defense, the burden was not on plaintiff to show the absence of issues of fact. Rather, the burden was on defendants to come forward with "evidence" showing there is such a fact issue upon such affirmative defense. *Gulf, Colorado & Santa Fe Ry. Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

We find no merit in the contention that the trial court erred in entering the order of severance.

The judgment of the trial court is affirmed.