**Johnny E. COGGIN, Appellant,**

v.

**Brenda K. COGGIN, Appellee.**

No. 13–87–043–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 29, 1987.

Lanette Smith Joubert, Corpus Christi, for appellant.

John H. Burris, Alice, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment of a divorce decree where appellant challenges the portion of the trial court's rulings pertaining to the division of property. The appellee, Brenda K. Coggin, sued appellant, Johnny E. Coggin, for divorce and custody of a minor child. The trial court granted the divorce, appointed appellee as managing conservator, and divided the property of the parties.

By three points of error, appellant complains that the trial court abused its discretion in the manner in which it divided the parties' property. Appellant also challenges the trial court's admittance into evidence of an exhibit which appellee prepared. The case was tried before the court without a jury. Appellant appeals without obtaining findings of fact or conclusions of law from the trial court.

In a divorce decree, the trial court is required to divide the property in a manner that the court deems just and right. Tex. Fam.Code Ann. § 3.63 (Vernon Supp.1987). Because of the wide latitude trial courts are given in making a division of the marital property upon divorce, the trial court's judgment will not be disturbed on appeal unless there is a clear showing of abuse of discretion. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *Harrell v. Harrell,* 591 S.W.2d 324, 325 (Tex.Civ.App.—Corpus Christi 1979, no writ).

The mere fact that the division of the estate is not equal does not constitute an abuse of discretion. But there must be a reasonable basis for the division of property, particularly when the division is unequal. *Zamora v. Zamora,* 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ). In exercising its discretion, the rule has long been that the trial court may consider such factors as disparity of income or earning capacity of the parties, their educational background, their physical conditions, the business opportunities available to each spouse, and the nature of the property involved.

When, as here, findings of facts and conclusions of law are not filed, we must affirm the judgment of the trial court on any legal theory that is supported by the evidence. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986). In such cases, we must consider the evidence as a whole and draw all reasonable inferences that are favorable to the judgment. *Haley v. Haley,* 713 S.W.2d 801, 803 (Tex.App.—Houston [1st Dist.] 1986, no writ). We presume the trial court found facts in favor of its order if there is any probative evidence to support the order. *Allen v. Allen,* 717 S.W.2d at 313; *Jones v. Jones,* 641 S.W.2d 342, 344 (Tex.App.—Corpus Christi 1982, no writ).

Appellant's first point of error complains that the division of the parties' property was grossly disproportionate and without justification. All the property was community property. The court generally divided the estate by awarding cash, bank accounts, household goods and proceeds

from benefit plans to the particular party who had possession or sole control. The major assets were divided with appellant receiving a life insurance policy, a 1975 Chevrolet pickup, an oilfield equipment business, a hay baling business, a 70' × 28' mobile home, and real property on Padre Island. The appellee was awarded two certificates of deposit, one in the principal amount of $9,000.00, and the other in the amount of $1,180.00, a 1982 Chevrolet Blazer, and a lot near Robstown. Appellant was given all the debts except for a debt of $2,400.00 representing money borrowed for appellee's educational expenses.

Appellant contends the net value of the property he received was $5,360.00, while appellee received property worth $68,855.00. The value of the property was in dispute. Without findings of fact we do not know the exact value the trial judge placed on the property. More specifically, two values of the oilfield equipment company were in evidence. Appellant testified he was familiar with the market value of L & C Rental & Supply Company, the oilfield rental business, and that in his opinion it was worth $3,117.00. However, appellant admitted that within six months prior to the trial, he valued the same company at $65,000.00 when he signed a sworn financial statement.[1] When several values are in evidence, the trial court is entitled to assign value to the property within the range of value in evidence. *Mata v. Mata,* 710 S.W.2d 756, 758 (Tex.App.—Corpus Christi 1986, no writ). Here, the Court, as the trier of fact, could have assigned a value of $65,000.00 from the evidence to L & C Rental & Supply Company instead of $3,117.00 which was also in the evidence, as asserted by appellant.

Appellant also contends in his brief that a hay baling business was worth $5,314.00. The value of this property was also in dispute. Appellant testified he only owned a fifty percent partnership interest in the business and that his son owned the other fifty percent. When questioned by appellee's attorney, appellant admitted that his son had never filed an income tax return,

no written partnership agreement existed, and that appellant claimed all the tax benefits from the business. The judge as trier of fact could have found from this evidence that the appellant was the sole owner of the business and that the value of the property was $10,629.00.

Examining all the evidence in the light most favorable to the judgment, we are not convinced that the division of the estate was grossly disproportionate as appellant contends. Appellant has not met his burden of establishing an abuse of discretion by the trial court. Point of error number one is overruled.

■ By point of error number three, appellant complains that the trial court abused its discretion by awarding a greater burden of the debts to appellant. Again, the trial court may, in its discretion, award a greater proportion of debt against one party in consideration of the entire property division, the nature of the debts, and other factors the court is entitled to consider, such as the earning capacity of each party. *McIntyre v. McIntyre,* 722 S.W.2d 533, 536 (Tex.App.—San Antonio 1986, no writ); *Janik v. Janik,* 634 S.W.2d 323, 324–25 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ The debts given to appellant included debts arising from the two businesses awarded to appellant. The record reflects that appellee was unemployed, that she had no skills and that she had only worked at one job which was subsequent to the couple's separation. She testified that she was currently attending a trade school. On the other hand, the record shows that appellant had various capabilities. He had worked in the oilfield business as a tool pusher. He had also owned and managed an oilfield equipment rental business and a hay baling business. He testified that he could expect an income of $2,000.00 a month per year from the hay baling business alone. Considering the entire property division and earning capacity of each party, there was no abuse of the trial court's discretion in

1. The sworn statement was given on January 29, 1986, while trial was on June 17, 1986.

assessing a greater proportion of debts against appellant.

■ Appellant also complains that it was not reasonable for the judge to order him to pay the debt of L & C Rental & Supply Company, since appellee was awarded the certificate of deposit which was used as collateral to secure a loan for equipment for the company. The trial court has authority to determine, as between the parties, the liability of the parties to third party creditors. *Walker v. Walker*, 527 S.W.2d 200, 203 (Tex.Civ.App.—Fort Worth 1975, no writ).

■ Appellant testified that he pledged the certificate of deposit, rather than the equipment, against the debt to obtain a more favorable interest rate on a loan. During the trial appellant proposed a division of property which included allocating the certificate of deposit to appellee and the debts to appellant. Appellant should not now be heard to complain that a division of property in a way he suggested amounts to an abuse of the trial court's discretion.

■ Point of error number four argues that by awarding the hay baling business and oil field business without awarding the land where the equipment for these businesses rests is an abuse of discretion. However, evidence was before the trial court that the equipment involved in the businesses was movable and the underlying land was used as a storage area for the equipment. We find no abuse of discretion by the trial court under these facts.

■ By appellant's second point, he contends that the trial court erred in admitting into evidence an exhibit offered by appellee. During trial, appellant objected to the introduction of the exhibit on the ground that it was a pre-trial settlement offer. The objection was overruled. The rule in such situations is that since the case was tried before the court it is presumed the trial judge did not consider any inadmissible evidence in arriving at its decision. *Gillespie v. Gillespie*, 644 S.W.2d 449, 450 (Tex.1982); *Bray v. Bray*, 618 S.W.2d 93, 96 (Tex.Civ.App.—Corpus Christi 1981, writ

dism'd); *Elrod v. Elrod*, 517 S.W.2d 669, 673 (Tex.Civ.App.—Corpus Christi 1974, no writ). Where there is competent evidence to support the trial court's judgment, the admission of incompetent evidence will not require a reversal. *Gillespie v. Gillespie*, 644 S.W.2d at 450.

After reviewing the entire record of this case, we cannot say that any of the errors asserted calls for reversal of the trial court's judgment. All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is AFFIRMED.