**Wilbur Lane TENERY, Appellant,**

v.

**Gloria TENERY, Appellee.**

**No. 04–95–00047–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 6, 1995.

is dismissed as moot.

R.D. Bellows, R.D. Bellows Law Office, Three Rivers, for Appellant.

Sharon Trigo, Laredo, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

LOPEZ, Justice.

Appellant, Wilbur Lane Tenery, submits this appeal based on the judgment in a divorce proceeding. The majority of the marital property was awarded to Appellee, Gloria Tenery and Mr. Tenery was ordered to pay $550 per month child support. We affirm the trial court's judgment.

The parties were married in 1974 and were separated in December of 1988. They have two children, a daughter born January 4, 1974, and a son born April 7, 1977. Mrs. Tenery petitioned for divorce on December 16, 1991, claiming that the marriage was insupportable, and that Mr. Tenery had committed adultery and treated her with cruelty. Mrs. Tenery requested a disproportionate share of the estate, conservatorship of the children, adequate child support, and an immediate temporary order requiring that Mr. Tenery not transfer or conceal any property.

In Mr. Tenery's answer to the petition, he admitted to adultery, but denied all other allegations. He asked for a fair and just division of the property and also requested conservatorship of the children.

A decree was entered on October 12, 1994, awarding managing conservatorship of the son to Gloria. The daughter had reached adult age. The decree set forth visitation for Mr. Tenery as possessory conservator and required him to pay child support until the son reached age 18. The decree awarded Gloria all the real property including several lots and a mobile home, three vehicles, all bank accounts, and miscellaneous furniture and equipment. Gloria was also awarded 100% of her husband's pension fund that had accumulated during the marriage. Mr. Tenery was awarded his personal effects, his work truck, a few guns, and miscellaneous tools and equipment for his truck.

Mr. Tenery appeals the decree without findings of fact and conclusions of law. His only briefed point of error is that the trial court abused its discretion in not issuing the findings. He reserves for later review points of error two, three, and four, depending on this court to abate the appeal with an order requiring the trial judge to file the findings.

■ Mr. Tenery filed both an original request for findings of fact and conclusions of law, as well as notice of past due findings as set forth in Rules of Civil Procedure 296 and 297. The language in Rule 297 states that the court "shall file" the findings, making the act mandatory once a request is made. *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). However, there is an exception to the rule if it is apparent from the record that the complaining party suffered no harm. *Id.; Landbase, Inc. v. Texas Employment Comm'n,* 885 S.W.2d 499, 502 (Tex.App.—San Antonio 1994, writ denied); *Green v. Watson,* 860 S.W.2d 238, 245 (Tex.App.—Austin 1993, no writ); *see also* Tex.R.App.P. 184(b). The record must affirmatively establish that appellant suffered no harm. *Magallanes,* 763 S.W.2d at 772.

■ The trial court is given discretion to order a division of the marital estate "in a manner that the court deems just and right...." Tex.Fam.Code § 3.63 (Vernon 1993). The trial court has wide discretion to consider many factors in determining how the community estate should be divided. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981). The trial court's judgment will not be disturbed absent a clear showing of abuse of discretion. *Id.* at 698; *McCaskill v. McCaskill,* 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied); *Coggin v. Coggin,* 738 S.W.2d 375, 376 (Tex.App.—Corpus Christi 1987, no writ). The mere fact that the property division is not equal does not constitute abuse of discretion; however, there must be a reasonable basis for that property division, especially when it is unequal. *Falor v. Falor,* 840 S.W.2d 683, 687 (Tex.App.—San Antonio 1992, no writ); *Coggin,* 738 S.W.2d at 376.

■ When dividing the community estate, the trial court may consider such factors as 1) relative earning capacities and business experience of the parties, 2) educational background of the parties, 3) size of separate estates, 4) the age, health and physical condition of the parties, 5) fault in the dissolution of the marriage, 6) the benefits the innocent spouse would have received had the marriage continued, and 7) probable need for future support. *Finch v. Finch,* 825 S.W.2d 218, 222 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Zamora v. Zamora,* 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ The pleadings and testimony at trial include Mr. Tenery's clear admission to fault in the breakup of the marriage. He admitted to committing adultery, abusing alcohol, providing girlfriends with money, and slapping his wife. He also agreed that the divorce was not due to any fault on Mrs. Tenery's part. Mr. Tenery testified regarding his normal wages, although he was unemployed at the time of the proceedings. The evidence showed that Gloria had stayed home to care for the children during the marriage, until after the separation.

The evidence regarding the value of Mr. Tenery's work truck, the only major asset he was awarded, is inconsistent. Mr. Tenery testified it was worth around $12,000 to $15,000, while his son estimated the value at between $60,000 and $70,000. The value of the mobile home where the family lived and the lots owned in Cotulla was about $13,000. Testimony established that Mr. Tenery's earning capacity far exceeded his wife's and

that she would have benefitted financially from remaining in the marriage. The value of the pension fund at the time of trial was $44,786. Mr. Tenery conceded that if the case was "one-sided," the court may need to award the pension fund to Mrs. Tenery.

After the case was heard by the trial court, the parties were asked to submit in letter form a proposed award of property and child support. Mr. Tenery, in the letter filed with the court through his attorney, agreed that Mrs. Tenery should receive a disproportionate award of the marital property due to his fault in the breakup of the marriage.

The record shows that the trial court had sufficient evidence to exercise its discretion in awarding Mrs. Tenery a disproportionate amount of the community estate. Mr. Tenery had more earning capacity, income and business opportunity, he was at fault in the breakup of the marriage, and Mrs. Tenery would have benefitted financially if the marriage had continued. *See Finch*, 825 S.W.2d at 222; *Zamora*, 611 S.W.2d at 662. The trial court considered Mr. Tenery's income over the past few years to determine a reasonable amount of child support. The pleadings, Mr. Tenery's testimony, and correspondence with the court all clearly support the trial court's decisions. Because the trial court has wide latitude in dividing the property and there was ample evidence to support the judgment, we cannot say the trial court abused its discretion. *See Murff*, 615 S.W.2d at 699.

With clear support for the trial court's judgment contained in the record, this court cannot agree that Mr. Tenery has been harmed. We find that the record affirmatively established that Appellant suffered no harm due to the trial court's failure to issue findings of facts and conclusions of law. *See Magallanes*, 763 S.W.2d at 772; *Landbase, Inc.*, 885 S.W.2d at 502. Therefore, there is no need for this court to abate the appeal and order the trial court to file findings of facts and conclusions of law. Appellant's point of error one is overruled.

In addressing Mr. Tenery's points of error two, three, and four, we note that the Appellant's failure to brief these points was not in compliance with Texas Rule of Appellate Procedure 74. However, in reviewing the information contained in the record, we also overrule these points on the basis that the evidence supports the awards made in the decree and the actions taken by the trial court. Mr. Tenery's request to rebrief points of error two, three, and four is denied.

The judgment of the trial court is affirmed.