**BOWERS et al. v. COTTONBELT OIL & GAS CO.**

**No. 3051.**

Court of Civil Appeals of Texas. Beaumont.

May 4, 1936.

Oliver J. Todd and Bowers & Ross, all of Beaumont, for appellants.

Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

This is an appeal from an order of the Sixtieth district court of Jefferson county granting a temporary injunction. The appeal was filed in this court on April 22, 1936, and, since it relates to a sale of certain property under a deed of trust, which has been advertised for sale on the first Tuesday in May, we granted the appellants' motion to advance, in accordance with article 4662, Vernon's Ann. Civil Statutes, and the case was submitted on April 30, 1936.

On May 16, 1930, Guy W. Junker and wife, Jessie F. Junker, gave to the Beaumont Building & Loan Company a deed of trust covering 15.70 acres of land in Jefferson county to secure payment of a note in the sum of $5,200. The property was the separate property of Mrs. Junker. She died subsequent to the giving of the note, leaving a will in which she bequeathed her property to Guy W. Junker, subject to his payment of her debts. The Beaumont Building & Loan Company has heretofore transferred the note and the lien to the appellant W. O. Bowers, Jr., who is the present owner and holder of same. The indebtedness, including interest, is now approximately $8,000, and is past due and unpaid. Acting under the terms and in accordance with the deed of trust, Bowers caused the substitute trustee, H. E. Dishman, to advertise the property for sale on the second Tuesday in May, 1936. On April 6, 1936, the Cottonbelt Oil & Gas Company, a Texas corporation, filed a third amended original petition in the Sixtieth district court of Jefferson county, complaining of Junker Spencer, independent executor of the estate of Guy W. Junker, deceased, and Lyle Junker Spencer, a feme sole, surviving heirs at law of the said Guy W. Junker, deceased (the said Guy W. Junker having died after the filing of the suit), Earl Hankamer, Beaumont Building & Loan Company, a corporation, Pearl Brock, trustee for Beaumont Building & Loan Company, and W. O. Bowers, Jr., H. E. Dishman, defendants. The gist of the plaintiff's

petition was that on January 23, 1936, it entered into a contract with Guy W. Junker, individually and as independent executor of the estate of Jessie F. Junker, deceased, by the terms of which the said Guy W. Junker agreed and bound himself, individually and as independent executor of the estate of Jessie F. Junker, to execute and deliver to the plaintiff a five-year commercial oil and gas lease on the land in question, and also to convey to the plaintiff one-half of the royalty reserved in said mineral lease, that is to say, one-sixteenth royalty, of the oil, gas, and other minerals, for a consideration of $1,571 for the lease and $785 for the royalty. It is alleged that Junker agreed to deliver to the plaintiff, within three days from January 23, 1936, a full and complete abstract of title covering the land, and that the plaintiff should have three full days from receipt of the abstract in which to examine the title and to point out objections or to waive objections, if any, and to accept the mineral lease and royalty deed. It is alleged that Junker supplied only a partial abstract, and further that within the time permitted under the contract the plaintiff tendered the consideration, but that Junker refused to accept it, and proceeded to lease the land to Earl C. Hankamer, reserving to himself a one-sixteenth mineral royalty. The plaintiff further pleaded the existence of the indebtedness and deed of trust lien in favor of the Beaumont Building & Loan Company, and alleged that it was agreed that said company should receive the consideration specified in the contract with Junker and subordinate its lien to the mineral lease and mineral conveyance. It was further alleged that the purported lease and mineral deed from Junker to Hankamer was a simulated transaction and not bona fide, that Beaumont Building & Loan Company had advertised the property for sale on March 3, 1936, which had been enjoined, and that a transfer had been made of the indebtedness to W. O. Bowers, Jr., and that same was a collusive transaction between Junker, Hankamer, and the Beaumont Building & Loan Company to defeat the plaintiff's rights. It further pleaded that, after the posting of notices of sale, it had tendered to Beaumont Building & Loan Company the full amount of its claim against Junker in legal tender for a transfer and assignment of the lien against Junker. It was further alleged that the one-sixteenth royalty interest retained by Junker would bring at public sale more than the indebtedness secured by the deed of trust on the entire property. The prayer was in part as follows:

"And plaintiff further prays for a writ of injunction to be issued to W. O. Bowers, Jr., and any substitute trustee for the said Pearl Brock, the trustee named in the deed of trust executed by Guy W. Junker for the use and benefit of Beaumont Building & Loan Company, and any future holder of said indebtedness and assignee of said deed of trust to whom the said W. O. Bowers, Jr. may assign same, restraining them from making a sale under said deed of trust; and in the alternative plaintiff prays for a writ of mandatory injunction commanding the said W. O. Bowers, Jr., to accept the full amount of said debt against said Guy W. Junker for a transfer and assignment of said debt and lien securing same to the plaintiff; and further in the alternative plaintiff prays that in the event the relief herein prayed for against W. O. Bowers, Jr. and any substitute trustee for said Pearl Brock, Trustee, be denied, and only in that event, that the said W. O. Bowers, Jr. and H. E. Dishman, Substitute Trustee, be required to expose for sale, first, the said one-sixteenth royalty conveyed by Guy W. Junker to defendant Earl C. Hankamer before selling the remaining one-sixteenth royalty or any of the surface rights on said land, if a sale of one-sixteenth royalty brings sufficient to pay off said indebtedness, to desist from further sales of any additional mineral interest or any other rights in said land claimed by plaintiff herein, and in the event said sale of one-sixteenth royalty does not bring sufficient to pay the indebtedness due by the said Guy W. Junker to the said W. O. Bowers, Jr., that the surface rights be then sold and applied on such indebtedness before selling the remaining one-sixteenth royalty contracted for by plaintiff; and plaintiff further prays for all costs of court and such other relief, general and special, to which the plaintiff may be entitled in law or equity."

The pleading was duly verified by Thos. O. Payne, acting as president of the plaintiff company. The cause was set down by the trial court for hearing on April 13, 1936, at which time considerable evidence was introduced. Without discussing the evidence, since this is a mere interlocutory proceeding, we will simply say that it is shown that the plaintiff made no tender of payment of the debt due the Beaumont Building & Loan Company, nor was there any agreement for subrogation of its lien to the mineral lease and mineral deed to

the plaintiff. It was further shown that at the time of the transaction with Hankamer the contract between Junker and the plaintiff had not been placed of record, and there is no evidence that Hankamer knew anything about the existence of it; nor was there any evidence of collusion between the defendants, or any of them, as charged in the pleading. Moreover, the developed facts tended strongly to show that whatever rights the plaintiff obtained under its contract of January 23, 1936, with Junker had expired prior to the time it made its tender, and the tender was specifically refused by Mr. Junker. We will further remark, in passing, that the plaintiff put up no earnest money and did not make the tender to Mr. Junker until after a well being drilled near the land came in a producer. At the conclusion of the evidence the trial court entered an order restraining the proposed sale under the deed of trust, as follows:

"It is, therefore, the order, judgment and decree of the court that the said W. O. Bowers, Jr., and the said H. E. Dishman, substitute trustee, be and each of them are hereby restrained and enjoined from offering for sale or selling, under the deed of trust securing said indebtedness, more than a one-sixteenth royalty or part of all the oil, gas and other minerals, that may be found or that exist in, under or upon the above described premises, unless at said sale the said one-sixteenth mineral royalty does not bring sufficient money to discharge the indebtedness due to the said W. O. Bowers, Jr., and this restraining order shall be and remain in force until set aside, vacated or modified by the court.

"It is the further order, judgment and decree of the court that the plaintiffs enter into the usual injunction bond payable to the defendants in the sum of Five Thousand Dollars ($5,000.00)."

This appeal has been duly perfected from that order.

Without entering into any extended discussion of the case, we hold that the granting of the order by the trial court, tending to restrict the lienholder's right of sale under the deed of trust, was clearly erroneous. The plaintiff admitted that the debt was just, due, and unpaid. It made no attack upon the deed of trust nor upon the legality or regularity of the proceedings by which Bowers sought to enforce his rights under it, nor was there a showing of any other fact or circumstance which would entitle the plaintiff to have a court of equity abridge or interfere with the exercise of the right of sale secured to Bowers by the deed of trust. If it be conceded that the plaintiff made a showing of having a probable interest in the property by reason of its alleged contract with Junker, and we do not mean to hold that it did, still the deed of trust was executed and the contractual obligations prescribing the manner of enforcing it were entered into long before its alleged rights arose. It had full knowledge, actual and constructive, of the existence of the debt and the lien and of the rights and privileges secured to the lienholder thereby, and it is in no position to object to the enforcement of the rights in accordance with the contract. See Lincoln Nat. Life Ins. Co. v. Freudenstein, et al. (Tex.Civ.App.) 87 S.W.(2d) 810; Rogers Ranch Co. v. Darwin (Tex.Civ.App.) 89 S.W.(2d) 828.

The judgment of the trial court is reversed and the injunction dissolved.

WALKER, C. J., not sitting.