STEWART TITLE COMPANY et al., Petitioners,

v.

Catherine Evans HUDDLESTON, Respondent.

No. B–9521.

Supreme Court of Texas.

Oct. 15, 1980.

Lang, Cross, Ladon, Boldrick & Green, Mark J. Cannan, Dibrell, Dotson, Dibrell & Dibrell, T. Kellis, Dibrell, San Antonio, for petitioners.

James R. Bass and John G. McGarr, Jr., San Antonio, for respondent.

PER CURIAM.

Catherine Evans Huddleston brought this suit seeking a declaration that judgment liens obtained by petitioners Stewart Title Company and the Estate of William O. Davis against her former husband, Edward Scott Huddleston, in suits filed after their divorce were invalid and void as to her and her property since she was not made a party to the suits against her former hus-

band. Petitioners counter–claimed and sought foreclosure of their judgment liens against community property received by Catherine Evans Huddleston by the partition of the community property in connection with the divorce. The trial court severed the counter claims and granted Catherine Evans Huddleston's motion for summary judgment which declared that the judgments recovered by petitioners were invalid and void as to her and, as to any property owned by her after the date of the divorce whether acquired by her either prior to or subsequent to that date. The court of civil appeals affirmed. 598 S.W.2d 321.

The summary judgment record establishes that the debts which formed the basis for petitioners' suits arose during the marriage of Catherine Evans and Edward Scott Huddleston and were presumptively community debts. The record further establishes that she received incident to the divorce action an undivided one–half interest in 19.2 acres of land located in Bexar County in the partition of community property.

We interpret the judgments of the courts below as not foreclosing a judgment in the severed cause that any community property acquired by Catherine Evans Huddleston as a part of the partition of the community property would be subject to judgment liens properly secured against her as a result of preexisting community debts. See Texas Family Code, § 5.42(c), Texas Revised Civil Statutes Annotated.

The applications for writ of error are refused, no reversible error.