Hugh O. MUSSINA, et al., Appellants,

v.

Mary Elizabeth MORTON, Appellee.

No. 01-82-0270-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1983.

Rehearing Denied Oct. 13, 1983.

Hugh O. Mussina, Dallas, for appellants.

Dennis M. Beck, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This appeal questions the authority of a domestic relations court in a divorce proceeding to issue a temporary injunction and to appoint a receiver to protect against foreclosure by a third party.

Prior to the institution of the divorce action, the appellant, Dr. Lawrence Gahagen, sold a 524-acre farm to the appellee, Mary Elizabeth Morton, and her husband, Charles. The purchase price, based on $450 per acre, was $35,000 in cash, the grantees' assumption of both the first and second lien indebtedness, and the grantees' execution of a third lien note to Gahagen in the principal amount of $80,517.46. Subsequent to the sale, the Mortons paid the installments due on all three notes in a total sum of approximately $99,000, but failed to pay the $8,201.77 installment on Dr. Gahagen's note due in January, 1983. Dr. Gahagen then exercised his right to accelerate the note and demanded full payment of the unpaid $74,802.59. When the appellee failed to tender that amount, Dr. Gahagen, and the substitute trustee, Hugh Mussina, gave notice of foreclosure.

The appellee responded to the foreclosure notice by petitioning the trial court for a temporary restraining order and/or a temporary injunction prohibiting the foreclosure sale. On April 14, 1983 a hearing was held at which the appellee, Mrs. Morton, testified that she and her husband had been in the process of getting divorced and that he had been living in Alaska since October, 1981. She said she earned approximately $12,000 per year as a sales representative and her husband made at least $60,000 annually. She testified that although her husband had been sending "support checks", she was unable to make the mortgage payments from her own resources. She further said that she had been unable to contact her husband for "several months" but felt that he was aware that the payments were due.

At the conclusion of the hearing, the trial court granted a temporary injunction, and on May 2, 1983, the trial court entered an order appointing a receiver with directions to sell the property.

In three points of error the appellant challenges the order granting the temporary injunction, contending that the trial court abused its discretion in enjoining the foreclosure sale because there was no support in the evidence justifying the order. He also asserts that the trial court abused its discretion in requiring a temporary injunction bond in the amount of only $1,000, claiming that such amount was inadequate to protect his interest.

As grounds for the injunction, Mrs. Morton's application alleged only that the land constituted the major asset of the community estate and that its value was in excess of the amount owed. Although the application also stated that the foreclosure would deprive the Morton's two children of "possible value", she admitted at the hearing that the children had no ownership interest in the property.

■ The purpose of a temporary injunction is to preserve the status quo of the subject matter pending a trial on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517 (1961). An applicant for a temporary injunction has the burden of showing his probable right of recovery in a trial on the merits and probable injury in the interim if the injunction is not granted. *Millwrights Union Local No. 2484 v. Rust Engineering,* 433 S.W.2d 683 (Tex.1965).

■ The appellant's deed of trust is valid on its face and no question has been raised as to its validity nor as to the justness of the underlying debt. Thus, appellee Mrs. Morton did not meet her burden of showing a probable right of success on the merits of the action, and she is in no position to object to the enforcement of the appellant's rights in accordance with the parties' contract. *See, Bowers v. Cottonbelt Oil & Gas Co.,* 94 S.W.2d 214 (Tex.Civ.App.—Beaumont 1936, no writ). We accordingly hold that the trial court abused its discretion in granting the temporary injunction and we reverse the trial court's order and dissolve the temporary injunction. Because of this action, we need not consider the adequacy of the injunction bond.

The appellant also asserts three points of error challenging the appointment of the receiver and the adequacy of the receiver's bond. Under these points the appellant contends that the appointment of a receiver on the motion of a joint owner violates Tex.Rev.Civ.Stat.Ann. art. 2318 (Vernon 1971). That statute provides:

No receiver of a joint stock or incorporated company, a co-partnership or private person shall ever be appointed on the petition of such joint stock or incorporated company, partnership or person. A stockholder or stockholders of such joint stock or incorporated company may have his or their action against such company, and may have a receiver appointed as in ordinary cases. Nothing herein shall prevent a member of any co-partnership from having a receiver appointed whenever a cause of action arises between the co-partners.

In *North Side Bank v. Wachendorfer,* 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), this court held that Art. 2318 limited the power of a trial court to appoint a receiver over the marital estate

where such appointment was sought by the owner of the marital property against a third party creditor.

In the instant case, the appellee, Mrs. Morton, contends that because of an amendment to Section 3.58 of the Texas Family Code, the trial court had authority to do exactly that which was prohibited by our holding in *North Side Bank v. Wachendorfer.* Section 3.58, as amended, effective September 1, 1981, now provides in pertinent part:

(b) After a petition for divorce ... is filed, the court, on the motion of any party or on the court's own motion, may grant a temporary injunction after notice and hearing for the preservation of the property and protection of the parties as deemed necessary and equitable, including but not limited to an order directed to one or both parties.

\*     \*     \*     \*     \*     \*

(5) appointing a receiver for the preservation and protection of the property of the parties;

\*     \*     \*     \*     \*     \*

The terms of the orders issued under this subsection may not be the subject of a temporary restraining order issued ex parte.

Tex.Fam.Code Ann. 3.58(b)(5) (Vernon Supp.1980). The appellee reasons that because Section 3.58 was amended while Article 2318 remained in effect, the legislature must have intended the creation of a specific exception to Article 2318.

■ We overrule Mrs. Morton's contention. Section 3.58 of the Family Code merely enumerates certain specific orders which the trial court in a divorce proceeding may grant for the preservation of the property and the protection of the parties pending the divorce. This section authorizes, among other temporary orders, an order "for the preservation of the property and protection of the parties as deemed necessary and equitable, including but not limited to an order directed to one or both parties: (5) appointing a receiver for the preservation and protection of the property

of the parties." The language of the statute itself clearly indicates that the temporary order authorized by Section 3.58 is limited to an order directed to one or both "parties", which we hold to mean "spouses".

■ The pendency of a divorce does not diminish or limit a creditor's right to proceed against either or both spouses for payment of community debts incurred prior to the divorce decree. *See, Stewart Title Co. v. Huddleston,* 598 S.W.2d 321 (Tex.Civ. App.—San Antonio 1980), *aff'd per curiam,* 608 S.W.2d 611 (Tex.1980). Accordingly, in the instant case, the institution of the divorce proceedings did not preclude the appellant from asserting the foreclosure remedies available to him.

We sustain all points of error addressed and reverse the orders in question, dissolve the temporary injunction, and vacate the appointment of the receiver.