**COMMONWEALTH MORTGAGE CORPORATION, Appellant,**

v.

**Linda Faye WADKINS, Appellee.**

No. A14–85–889CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1985.

Larry M. Lesh, Dallas, Kevin H. George, Houston, for appellant.

Robert J. Piro, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

PER CURIAM.

This is an appeal from an injunctive order directed against appellant and arising incident to a divorce proceeding between appellee, Linda Faye Wadkins, and her spouse, Gary Bobby Wadkins. The order enjoins Commonwealth Mortgage Corporation from conducting foreclosure sales on property located in Denton County, Texas for 75 days from October 8, 1985.

On motion of appellant this appeal was advanced, given priority and submitted without formal briefs. TEX.R.CIV.P. 385(e). We reverse and remand the order of the trial court with instructions to dissolve the injunctive order.

Appellant is the holder of two promissory notes, one in the amount of $605,000.00 and one for $5,400,000.00 secured by deeds of trust on the Denton County property, executed by Gary Bobby Wadkins. The notes and the deeds of trust are all dated January 11, 1985.

After appellee's substitute trustee posted notice of trustee's sale of the property for August 6, 1985, appellee moved for a temporary restraining order which was granted July 31, 1985. Appellee did not appear at the hearing for a temporary injunction on August 13, 1985, and the temporary restraining order was dissolved.

The substitute trustee again posted notice of trustee's sale of the property for October 1, 1985. Appellee again moved for a temporary restraining order which was granted September 26, 1985. After a hearing October 8, 1985, the injunctive order out of which this appeal arose was granted October 23, 1985.

The order does not set forth reasons for its issuance, does not state why injuries will be suffered absent an injunction and does not set the cause for trial on the merits with respect to the ultimate relief sought. TEX.R.CIV.P. 683. The matter, of course, could not be set for trial on the merits since appellant is not a party in the divorce proceeding. Under ordinary rules for temporary injunctions, the order is clearly void. *See, e.g., Martin v. Linen Systems for Hospitals,* 671 S.W.2d 706, 710 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Section 3.58 of the Family Code, however, authorizes a domestic relations court to grant temporary orders for the "preservation of the property and the protection of the parties." Tex.Fam.Code Ann. § 3.58. The orders may be directed to one or both parties and need not define the injury or state why it is irreparable or state why the order was granted without notice. *Id.* at (d).

The language of the statute clearly indicates the temporary orders are limited to orders directed to one or both "parties." "Parties" in the context of § 3.58 means spouses. *Mussina v. Morton,* 657 S.W.2d 871 (Tex.App.—Houston [1st Dist.] 1983, no writ history).

The pendency of a divorce does not diminish or limit a creditor's right to proceed against either or both spouses for payment of debts incurred before a decree of divorce. Appellant is not precluded by a divorce action between appellee and her spouse from asserting available foreclosure remedies. *Id.*

The order of October 23, 1985, is clearly not authorized by § 3.58 and just as certainly is not in compliance with R. 683. We reverse the decision of the trial court granting the injunction and remand with instructions to dissolve the order.