**TEXAS AMERICAN BANK/WEST SIDE, Appellant,**

v.

**G.O. HAVEN, Receiver, Appellee.**

**No. 2–87–003–CV.**

Court of Appeals of Texas, Fort Worth.

March 18, 1987.

Rehearing Denied April 22, 1987.

Donald H. Ray, Lane, Ray & Getchell, Fort Worth, for appellant.

J. Steven King, Walter E. Steimel, Joe Shannon, Jr. Law, Snakard & Gambill, Fort Worth, for appellee.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

BURDOCK, Justice

This appeal challenges the authority of a family law court to issue a temporary injunction requested by a receiver to prevent a secured third party from foreclosing on real estate pursuant to a deed of trust.

We affirm.

Some time after the filing of William Hickman's petition for divorce, but more than a month before the divorce was granted, the trial judge appointed appellee, G.O. Haven, as receiver, to sell the Hickmans' home. The Hickmans' divorce decree, signed October 30, 1986, provided that Haven was to continue to try to sell the house. Shortly after the divorce was granted, appellant, Texas American Bank, hereinafter referred to as "Bank", started foreclosure proceedings against the Hickman home. Haven promptly sought injunctive relief to enjoin the Bank from foreclosing on the property under the terms of a note and deed of trust the Hickmans had executed during their marriage to obtain interim financing to build the house.

The house was the largest asset in the community estate. Haven testified that it would take six to nine months to sell it. According to Haven, sale of the house would net the Hickmans approximately $60,000, after closing costs. The court enjoined the Bank from proceeding with the foreclosure on the property until July 1, 1987. The order granting the temporary injunction further required Haven to post a $12,000 bond and Hickman to make monthly payments on the interest in the amount of $1,500.

The issue presented on appeal is whether a family law court has the authority to deny a secured party's request for foreclosure when no dispute exists regarding the validity of the lien or the debt. The Bank argues allowing the court to enjoin the foreclosure amounts to elevating a family law court to the status of a bankruptcy court, without affording creditors any of the protection provided them under the bankruptcy laws. The appellant does not challenge the court's appointment of a receiver.

Appellant directs our attention to two appellate court decisions it contends should control our disposition of this appeal. In *Mussina v. Morton,* 657 S.W.2d 871, 873 (Tex.App.—Houston [1st Dist.] 1983, no writ), the court held that in the absence of a valid dispute over the deed of trust lien or default under the note secured thereby,

a family law court must permit a bank to commence foreclosure proceedings. There, the court had enjoined foreclosure proceedings at the request of one of the parties to the divorce and appointed a receiver to sell the property. *Id.* at 872–73. In vacating the appointment of the receiver and dissolving the injunction, the Court of Appeals held that the pendency of a divorce does not diminish or limit a creditor's right to proceed against either one or both spouses for payment of community debts incurred prior to the divorce decree. *Id.* at 874; *see also Stewart Title Co. v. Huddleston,* 598 S.W.2d 321, 323 (Tex.Civ.App.—San Antonio), *aff'd per curiam,* 608 S.W.2d 611 (Tex.1980).

In addition, the court in *Mussina* noted that TEX.FAM.CODE ANN. sec. 3.58(c)(5) (Vernon Supp.1987), which was amended in 1981 to permit the trial court in divorce cases to appoint a receiver for the preservation of the parties' property, did not apply to third party creditors, since the creditor was not a party to the divorce. *See also North Side Bank v. Wachendorfer,* 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Appellant also points to *Com. Mortg. Corp. v. Wadkins,* 709 S.W.2d 679 (Tex. App.—Houston [14th Dist.] 1985, no writ), as additional support for the proposition that a trial court in a divorce case may not enjoin a foreclosure by a substitute trustee. There, the court, citing *Mussina,* held that the pendency of a divorce does not diminish a creditor's right to proceed against either or both spouses for payment of debts incurred before the entry of a divorce decree. *Id.* at 680.

A close reading of appellant's authorities reveals they are not directly on point. The courts in both *Mussina* and *Wadkins* were not confronted with receivers requesting that injunctive relief be granted to protect the corpus of the receivership. No receivership even existed in *Wadkins.* In *Mussina,* a receivership was created only in response to the third party's attempt to foreclose on a security interest.

Texas courts have long held that property in the possession of a receiver cannot be sold by a trustee to satisfy a mortgage or a deed of trust unless the court in which the receivership is pending authorizes the sale. *Cushing v. B.C. Evans Co.,* 33 S.W. 703 (Tex.Civ.App.—1895, writ ref'd); 49 TEX. JUR.2d *Receivers* sec. 123 (1963). In addition, the receiver must protect his possession of the property as long as the order requiring him to hold it remains in force. In case of any interference, the receiver must bring the matter to the attention of the court. *Cox-Rushing Greer Co. v. Richardson,* 277 S.W. 718, 721 (Tex.Civ.App.—Austin 1925, no writ). The appointing court may then enjoin any interference with the property in the receiver's hands. *Pruett v. Fortenberry,* 254 S.W. 592, 594 (Tex.Civ.App.—Galveston 1923, no writ); *Fielder v. Parker,* 119 S.W.2d 1089, 1093 (Tex.Civ.App.—Eastland 1938, no writ).

The appellee directs our attention to the Supreme Court case of *First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339 (Tex.1976). In *Vallone,* the Court held that once a receiver is appointed, the property is in custodia legis, or in the custody of the court. No one has the authority, even under a prior deed of trust or execution, to sell property held in custodia legis by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending. *Id.* at 341; *Cline v. Cline,* 323 S.W.2d 276, 282 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.).

In *Vallone,* the Court was confronted with a substitute trustee's sale of property which had been managed by a receiver appointed by the court during the pendency of a divorce. In affirming the trial court's decision setting aside the trustee's deed and ordering the sale money returned to the buyer, the Court held a receivership destroys no prior vested right, nor does it determine any existing contractual rights of the parties. *Vallone,* 533 S.W.2d at 343; *see also Ex parte Britton,* 127 Tex. 85, 92 S.W.2d 224, 226 (1936).

Here, the Bank's lien, like that of the lien holder in *Vallone,* has not been destroyed. The enforcement of the third party's rights have merely been suspended until enforcement is approved by the court having cus-

tody of the property. *See Vallone*, 533 S.W.2d at 343; *see also Kirby v. Dilworth & Marshall*, 260 S.W. 152, 156 (Tex. Comm'n App.1924, holding approved).

Nevertheless, appellant argues that although the *Vallone* Court held that a creditor's rights are suspended, these rights remain suspended only until a request is made to the court for foreclosure. Appellant contends upon the making of such a request, the trial court may not enjoin enforcement of a creditor's rights. Appellant offers no authority for this position, and we find none. Adoption of appellant's argument would mean that a receiver appointed by a trial court would serve at the pleasure of a secured creditor.

Many years ago, in *Palmer v. Texas*, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435 (1909), the United States Supreme Court upheld a state court decision concerning the custodia legis rule:

> If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty.

*Palmer*, 212 U.S. at 125, 29 S.Ct. at 232, 53 L.Ed. at 438. In view of the precedent cited, *Vallone*, we do not believe a receiver's authority to act is subject to review by a third party lender. *Cf. Farm & Home Savings & Loan Ass'n. v. Breeding*, 131 Tex. 518, 115 S.W.2d 615 (1938).

Appellate review of an order granting a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). Particularly in view of the fact that the trial court ordered Hickman to make monthly interest payments on the note, we find the trial court did not abuse its discretion and properly enjoined the Bank from further foreclosure proceedings.

We affirm the trial court's order granting appellee temporary injunctive relief.