**William G. HARMON, Individually and as Secretary-Treasurer of A.A.A.–Arrow Signs, Inc., Appellant,**

**v.**

**Emma Grace SCHOELPPLE, Appellee.**

**No. B14–87–137–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 23, 1987.

Robert J. Piro and Pamela E. George, Houston, for appellant.

Percy Foreman and Paul Nugent, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an interlocutory appeal taken by appellant, William G. Harmon, Individually and as Secretary-Treasurer of AAA–Arrow Signs, Inc. ("Harmon"). Appellee, Emma Grace Schoelpple ("Schoelpple"), joined Harmon and four companies, one of which was AAA–Arrow Signs, Inc. ("AAA–Arrow"), as co-respondents in a divorce action

filed against Schoelpple's husband, James R. Schoelpple.

Harmon appeals the inclusion of portions of an order pendente lite, issued pursuant to the divorce action, appointing Schoelpple as receiver of AAA–Arrow, giving her sole possession and control of $53,000 in corporate funds, and temporarily enjoining Harmon from interfering with Schoelpple's sole and exclusive management of AAA–Arrow or appearing on the business premises. We reverse the judgment of the trial court and render judgment that the aformentioned portions of the order be dissolved. We further order the return of corporate funds to the possession of AAA–Arrow Signs, Inc.

Harmon presents six points of error on appeal. In three points he asserts the trial court erred in appointing Schoelpple as sole manager and receiver of AAA–Arrow, because (1) she was a party to the action pursuant to which the receivership arose; (2) she did not swear an oath, nor did the trial court require her to do so; and (3) the trial court required no bond, or, alternatively, insufficient bond, to be posted. Harmon also alleges the trial court erred in entering its order of receivership because (4) the application of funds allowed by the court exceeds both statutory receivership powers and statutory preferential application of funds. In his final points of error Harmon challenges the trial court's issuance of a temporary injunction because (5) the trial court did not order the cause set for trial on the merits; and (6) the trial court required no bond, or, alternatively, insufficient bond, to be posted.

In 1982, Schoelpple and her husband purchased A–Arrow Sign Company, Incorporated ("A–Arrow"). The record shows also that Schoelpple's husband and Harmon own another company, AAA–Bargain Sign Company, Inc. As well, Harmon presently owns 95% of a family sign business, Triple A Signs of Houston, Incorporated ("Triple A"), with which Schoelpple is in no way involved.

Although the precise method of formation is unclear, a new corporation, AAA–Arrow Signs, Inc., was organized in late April 1986 by Harmon as owner of Triple A, Schoelpple, and her husband. AAA–Arrow is housed in a building owned by Triple A (Harmon's family business) and Harmon. The trial court's order recognized the ownership interests of AAA–Arrow as follows: "fifty (50%) per cent to TRIPLE A SIGNS OF HOUSTON INC. and WILLIAM G. HARMON, and twenty-five (25%) per cent each to JAMES RALPH SCHOELPPLE and EMMA GRACE SCHOELPPLE."

Schoelpple is a director, general manager, and vice president of the new corporation, AAA–Arrow. Harmon is a director and secretary-treasurer of AAA–Arrow. The record shows that Harmon and Schoelpple quarrelled constantly over the management of the newly formed corporation.

Schoelpple had filed a petition for divorce on April 1, 1986. She subsequently filed an amended petition on January 16, 1987, in which she joined Harmon and AAA–Arrow, as well as the three other sign companies, as co-respondents. Schoelpple's application for appointment of a receiver and for a temporary injunction were included in the amended petition.

On February 2, 1987, Honorable Allen J. Daggett conducted an evidentiary hearing regarding Schoelpple's application for temporary orders. The order pendente lite was entered February 6, 1987.

Harmon asserts in three points of error that the trial court erred in appointing Schoelpple sole manager and receiver of AAA–Arrow because she was a party to the action; she was not required to swear an oath, nor did she; and no bond, or, in the alternative, insufficient bond, was required. We agree and sustain the first three points of error.

It is well settled that the appointment of a receiver is within the broad discretion of the trial court; absent a clear abuse of discretion the appointment will not be disturbed on appeal. *Smith v. Smith*, 681 S.W.2d 793, 795 (Tex.App.—Houston [14th Dist.] 1984, no writ). Having reviewed the record, we hold the trial court clearly abused its discretion in appointing Schoelpple as receiver of AAA–Arrow.

The applicable receivership provisions of the Texas Civil Practice and Remedies Code read as follows:

§ 64.021. Qualifications; Residence Requirement

(a) To be appointed as a receiver for property that is located entirely or partly in this state, a person must:

\* \* \* \* \* \*

(2) *not be a party,* attorney, or other person interested in the action for appointment of a receiver.

\* \* \* \* \* \*

§ 64.022. Oath

Before a person assumes the duties of a receiver, he must be sworn to perform the duties faithfully.

§ 64.023. Bond

Before a person assumes the duties of a receiver, he must execute a *good and sufficient bond* that is:

(1) approved by the appointing court;

(2) in an amount fixed by the court; and

(3) conditioned on faithful discharge of his duties as receiver in the named action and obedience to the orders of the court.

(emphasis added).

Tex.Civ.Prac. & Rem. Code Ann. §§ 64.-021–64.023 (Vernon 1986). We hold the trial court violated sections 64.021(a)(2), 64.-022, and 64.023 of the Civil Practice and Remedies Code.

■ The three sections are clear. Section 64.021 states a receiver must not be a party to the action pursuant to which the receivership arose. Schoelpple is undisputably a party. Moreover, she has been appointed receiver of the property of Harmon, a third party. Section 64.022 mandates that a person swear an oath prior to assuming the duties of a receiver. We find no evidence in the record indicating the trial court required Schoelpple to swear an oath or that she in fact did so.

Section 64.023 requires a "good and sufficient" bond be executed before one assumes receivership duties. The order reflects the requirement of a cash bond of one hundred dollars. The bond paragraph is inserted ambiguously in the order between the receivership and injunction sections. However, we find a statement by the trial court ties the bond to the injunction rather than the receivership. In response to a remark by Harmon's counsel that the injunction was void due to lack of bond, the court countered, "There's been a bond set, and it's been posted...." The requirement of a bond is an essential element of receivership. *O'Connor v. O'Connor,* 320 S.W.2d 384, 391 (Tex.Civ.App.—Dallas 1959, writ dism'd). The absence of a bond is error.

■ We note that, had the bond been tied to the receivership order, the amount set (one hundred dollars) is insufficient in relation to a business grossing approximately $70,000 monthly, and thus does not comply with the "good and sufficient" requirement of section 64.023.

We hold the trial court clearly abused its discretion by violating the mandates of sections 64.021 through 64.023. Harmon's first three points of error are sustained.

■ In his fourth point of error, Harmon alleges the trial court erred in entering its receivership order because the application of funds allowed by the court exceeds both statutory receivership powers and statutory preferential application of funds. We agree.

The order gives Schoelpple the following powers as receiver:

It is ORDERED that Petitioner, EMMA GRACE SCHOELPPLE, shall be the sole Manager and Receiver of AAA ARROW SIGNS, INCORPORATED, and Petitioner is accordingly hereby given the sole and exclusive right:

(a) to collect and manage all monies from said business;

(b) to hire and fire employees;

(c) to determine the wages of each employee;

(d) to promote or demote each employee;

(e) to determine the working hours of each employee;

(f) to determine the selection of a place of places where said AAA–ARROW SIGNS, INCORPORATED shall do business;

(g) to receive all mail of said business;

(h) to select and contract for the Yellow Pages Advertisement;

(i) to enter into any contracts necessary for the management of said business, and;

(j) to perform any and all other functions necessary for the management of said business.

In addition, the trial court ordered the following disposition of funds owned by AAA–Arrow:

It is ORDERED that the Fifty-Three Thousand ($53,000.00) Dollars in checks and cash, owned by AAA–ARROW SIGNS, INCORPORATED and currently in the possession of WILLIAM G. HARMON, shall be turned over to the Petitioner, EMMA GRACE SCHOELPPLE, on the afternoon of February 2, 1987, and deposited by Petitioner in a new bank account.

It is ORDERED that Petitioner shall withdraw Ten Thousand ($10,000.00) Dollars from said Fifty-Three Thousand ($53,000.00) Dollars to be used for child support, ordinary living expenses, mortgage payments ... and the payments for the 1982 Mercedes Benz 380 SL automobile.

It is ORDERED that Petitioner shall withdraw Twenty-Five Thousand ($25,000.00) Dollars from said Fifty-Three Thousand ($53,000.00) Dollars to pay the interim attorneys' fees due the law firm of Foreman & DeGuerin.

It is ORDERED that sums may additionally be withdrawn from said Fifty-Three Thousand ($53,00.00) Dollars to pay the wages due employees of AAA–ARROW SIGNS, INCORPORATED.

The statutory powers and duties of a receiver are listed as follows:

§ 64.031. General Powers and Duties

Subject to the control of the court, a receiver may:

(1) take charge and keep possession of the property;

(2) receive rents;

(3) collect and compromise demands;

(4) make transfers; and

(5) perform other acts in regard to the property as authorized by the court.

Tex.Civ.Prac. & Rem. Code Ann. § 64.031 (Vernon 1986). A receiver's preferential application of funds reads:

§ 64.051. Application of Funds; Preferences

(a) A receiver shall apply the earnings of property held in receivership to the payment of the following claims in the order listed:

(1) court costs of suit;

(2) wages of employees due by the receiver;

(3) debts owed for materials and supplies purchased by the receiver for the improvement of the property held as receiver;

(4) debts due for improvements made during the receivership to the property held as receiver;

(5) claims and accounts against the receiver on contracts made by the receiver, personal injury claims and claims for stock against the receiver accruing during the receivership, and judgments rendered against the receiver for personal injuries and for stock killed; and

(6) judgments recovered in suits brought before the receiver was appointed.

\* \* \* \* \* \*

(c) The court shall ensure that the earnings are paid in the order of preference listed in this section.

*Id.* § 64.051.

No language in the powers and duties provision allows Schoelpple such powers as the trial court has granted her. Schoelpple presently possesses absolute control of a corporation of which Harmon, a third party, is a fifty percent owner; moreover, she has total management and control of corporate funds, $53,000 of which are to be expended in part on child support, living expenses, and attorneys' fees. Furthermore, the application of corporate funds

addressed in the order in no manner complies with section 64.051. We hold the trial court has clearly abused its discretion.

■ Schoelpple, in replying to Harmon's first four points of error, insists a receivership was not created, nor was there intent on the part of the trial court to appoint a receiver. In support of her position, Schoelpple cites several statements made by the trial court. However, she significantly omits the wording of the order itself: "It is ORDERED that Petitioner, EMMA GRACE SCHOELPPLE, shall be the *sole Manager and Receiver* of AAA ARROW SIGNS, INCORPORATED ...." (emphasis added). Therefore, Schoelpple's claim that this court lacks jurisdiction to consider Harmon's interlocutory appeal, since there is no receivership, is meritless. Furthermore, Schoelpple's claim of nonappealability under § 3.58(g) of the Texas Family Code is likewise without merit. Although a court may enter nonappealable temporary orders pursuant to a divorce action, those orders concern only the parties to the divorce. "Parties" in the context of § 3.58 means "spouses." Tex.Fam. Code Ann. § 3.58(g) (Vernon Supp.1987); *Commonwealth Mortgage Corp. v. Wadkins,* 709 S.W.2d 679, 680 (Tex.App.— Houston [14th Dist.] 1985, no writ). The orders entered concerning AAA–Arrow and Harmon are not within the parameters of the Family Code. We sustain Harmon's fourth point of error.

In his fifth point of error, Harmon claims the trial court erred in issuing a temporary injunction without an order setting the cause for trial on the merits. We agree.

Harmon complains specifically about the following injunctive orders:

It is ORDERED that WILLIAM G. HARMON, JAMES RALPH SCHOELP-PLE, all other parties, and their attorneys, agents, servants, employees and those acting in concert are hereby EN-JOINED from interferring [sic] in any manner with Petitioner's sole and exclu-

sive management of AAA–ARROW SIGNS, INCORPORATED.

It is ORDERED that WILLIAM G. HARMON, JAMES RALPH SCHOELP-PLE and all other parties are ORDERED to remain away from the offices and place of business of AAA–ARROW SIGNS, INCORPORATED, except when their presence is requested in writing by the Petitioner.

■ There is no evidence in the record of an order setting the cause for trial on the merits as mandated by Rule 683, which provides in relevant part:

Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

The requirements of Rule 683 of the Texas Rules of Civil Procedure must be strictly followed or injunctive orders will be declared void and dissolved. *Interfirst Bank San Felipe, N.A. v. Paz Construction Co.,* 715 S.W.2d 640, 641 (Tex.1986); *Commonwealth Mortgage Corp. v. Wadkins,* 709 S.W.2d 679. The temporary injunction issued is void as to Harmon and all other persons, excluding James R. Schoelpple.[1] We accordingly sustain Harmon's fifth point of error.

■ In Harmon's sixth point of error, he alleges the trial court erroneously ordered no bond, or, alternatively, insufficient bond, to be posted as a condition for granting a temporary injunction. A bond is required to satisfy Rule 684 of the Texas Rules of Civil Procedure. As stated in point of error three, the one hundred dollar cash bond apparently relates to the injunctive relief ordered. For the reasons set forth above, we hold the court's requirement of a bond of one hundred dollars to be insufficient. The trial court has abused its discretion. Accordingly, we sustain Harmon's final point of error.

---

1. The injunction concerning James R. Schoelpple, appellee's spouse, is governed by § 3.58(g) of the Texas Family Code.

We reverse the judgment of the trial court and render judgment that those sections of the order appointing Schoelpple as sole manager and receiver of AAA–Arrow Signs, Inc., and temporarily enjoining Harmon, and his attorneys, agents, servants, employees, and those acting in concert with him, from interfering with Schoelpple's sole and exclusive management of AAA–Arrow Signs, Inc., and from appearing on the business premises, be dissolved. We further order Schoelpple to return the sum of $53,000 in corporate funds in her possession to the possession of AAA–Arrow Signs, Inc.