# NO. 12-18-00335-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| JERRY BYROM, DIMPLE BYROM, AND DOROTHY BERRY, APPELLANTS | § | APPEAL FROM THE 4TH |
| V. | | |
| | § | JUDICIAL DISTRICT COURT |
| JILL CAMPBELL PENN, IN HER CAPACITY AS COURT APPOINTED RECEIVER, APPELLEE | | |
| | § | RUSK COUNTY, TEXAS |

## *MEMORANDUM OPINION*

In this protracted struggle for possession and control of certain property, Jerry Byrom, Dimple Byrom, and Dorothy Berry appeal from an injunction and order of eviction and an order approving a contract and sale, denying an easement, and enforcing the prior injunction order rendered in favor of Jill Campbell Penn, in her capacity as court appointed receiver of the property at issue. In two issues, Appellants contend the receiver lacked authorization for the relief she obtained in the 4th District Court of Rusk County and allege that certain prior orders of the County Court of Cherokee County are void because that court did not affirmatively adjudicate the homestead status of the real property. We affirm.

## BACKGROUND

In 2005, Jerry Byrom was appointed executor of his mother's estate by the Cherokee County court, and later, he was removed due to gross mismanagement, misappropriation of funds, and gross misconduct.[1] After finding that Byrom breached his fiduciary duty to the estate by using

---

[1] *See* **In re Byrom**, 316 S.W.3d 787 (Tex. App.−Tyler 2010, orig. proceeding) (op. on reh'g).

estate funds to build a house, the court imposed a constructive trust on the home, and, when Byrom failed to deposit the required funds into the court's registry, the court ordered the home to be sold.[2]

In 2012, the court appointed Penn receiver, and she filed a petition to partition the property in Rusk County where the property is located.[3] The district court of Rusk County authorized Penn to sell the property. In March 2018, the trial court granted Penn's application for a permanent injunction enjoining Appellants from interfering with the sale of the property or destroying the property. The court further ordered Appellants to vacate the property. In August 2018, the trial court approved the contract and sale of the property, denied an easement requested by Appellants, and granted Penn's motion to enforce the prior injunction order. This appeal followed.

## AUTHORITY OF RECEIVER

In their first issue, Appellants assert that Penn acted beyond her authority in seeking and obtaining orders of injunction, eviction, and denial of their requested easement. They contend that because Penn was not authorized to seek the relief sought, the Rusk County trial court lacked jurisdiction to render its March 7, 2018, permanent injunction and order on eviction and its August 14, 2018, order approving the contract and sale, denying the easement, and enforcing the prior injunction order.

### Applicable Law

A receiver has only that authority conferred by the court's order appointing him, and the order must comply with the statute authorizing the appointment. *Ex parte Hodges*, 625 S.W.2d 304, 306 (Tex. 1981). Subject to the control of the court, a receiver may (1) take charge and keep possession of the property; (2) receive rents; (3) collect and compromise demands; (4) make transfers; and (5) perform other acts in regard to the property as authorized by the court. TEX. CIV. PRAC. & REM. CODE ANN. § 64.031 (West 2008). Once a receiver is appointed, the property is *in custodia legis*, or in the custody of the court. *Tex. Am. Bank/West Side v. Haven*, 728 S.W.2d 102, 104 (Tex. App.–Fort Worth 1987, writ denied). By virtue of an order of appointment a receiver becomes invested with full right to the possession and control of the property. *Sligh v.*

---

[2] *See In re Estate of Byrom*, 12-09-00279-CV, 2011 WL 590588 (Tex. App.–Tyler Feb. 16, 2011, pet. denied) (mem. op.).

[3] *See Byrom v. Penn*, 12-15-00033-CV, 2016 WL 4447698 (Tex. App.–Tyler Aug. 24, 2016, pet. denied) (mem. op.).

*Stanley*, 204 S.W. 700, 701 (Tex. Civ. App.–Fort Worth 1918, no writ). The receiver must protect her possession of the property as long as the order requiring her to hold it remains in force. ***Haven***, 728 S.W.2d at 104. In case of any interference, the receiver must bring the matter to the attention of the court. ***Id***. The court may then enjoin any interference with the property in the receiver's hands. ***Id***.

## Analysis

Appellants argue that Penn was not authorized to do anything more than take possession of the property, file for partition, oversee the listing and sale of the property, and make disbursements of the proceeds from the sale. We disagree.

The Cherokee County court rendered orders on September 4, 2012, and May 13, 2013, appointing Penn receiver and ordering that she "is authorized, subject to control of this court, to do any and all acts necessary" to the proper and lawful conduct of the receivership. As receiver, Penn has full right to possession and control of the property. ***Sligh***, 204 S.W.2d at 701.

In requesting the injunction and eviction, Penn explained to the court that she had safety concerns for herself, the real estate agents, and potential buyers, and a concern that Appellants "will run the buyers off" by giving them false information or by destroying the property. As required, Penn reported Appellants' interference with the property, and the court appropriately enjoined them from interfering with the sale and evicted them to ensure an unobstructed sales process. *See **Haven***, 728 S.W.2d at 104.

Penn also advised the court that a buyer made an offer on the property subject to the express requirement that the Appellants could not retain an easement across the property. Denying the easement allowed the sale to move forward. In light of the language in the orders giving Penn authority to do any and all acts necessary to conduct the receivership, and the fact that the requested injunction, eviction, and denial of the easement are in furtherance of Penn's duty to sell the property, we conclude that Penn did not act beyond her authority in these matters. *See **Ex parte Hodges***, 625 S.W.2d at 306. We overrule Appellants' first issue.

### APPLICATION OF HOMESTEAD LAW

In their second issue, Appellants collaterally attack the Cherokee County orders impressing a constructive trust upon and compelling the sale of Appellants' property, and the associated orders for attorneys' fees. They contend that there was no affirmative adjudication of homestead status

or rights and, therefore, these orders are void as a matter of law. Appellants assert that there was no hearing or findings as to homestead status or applicability of homestead protections. They also argue that the Cherokee County orders fail to affirmatively show that the homestead question was adjudicated, depriving the trial court of subject matter jurisdiction. Additionally, Appellants assert that the same analysis is applicable to the orders of execution and enforcement rendered in the district court of Rusk County.

## Applicable Law

A void judgment may be collaterally attacked. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). A judgment is void when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *Id*. In reviewing a collateral attack, our review is limited to whether the record affirmatively and conclusively negates the existence of jurisdiction, not whether the trial court otherwise erred in rendering its judgment. *Kendall v. Kendall*, 340 S.W.3d 483, 503-04 (Tex. App.–Houston [1st Dist.] 2011, no pet.).

Homesteads are constitutionally protected from forced sale. TEX. CONST. art. XVI, § 50(a). In cases involving forced sale of property, the question of whether the property at issue is a homestead must be determined, and the record must affirmatively show that homestead status was resolved. *Cline v. Niblo*, 8 S.W.2d 633, 638-39 (Tex. 1928). If homestead status was not adjudicated before ordering the sale, the sale can be collaterally attacked. *Id*. at 639.

## Analysis

The Cherokee County court rendered its nunc pro tunc order on motion for constructive trust on November 16, 2009. Jerry Byrom filed an objection to that order on March 9, 2010, based on his argument that the order violates his homestead rights. In 2012, the Cherokee County court ordered the sale of the property and appointed the receiver. The following month, the court entered findings of fact and conclusions of law regarding the order for sale and appointment of the receiver. The court found that Jerry Byrom's claim of homestead was overruled by the Twelfth Court of Appeals on February 16, 2011. Thereafter, the Cherokee County court rendered its first amended nunc pro tunc order for sale and for appointment of receiver.

In response to Penn's petition for partition in the Rusk County district court, Dimple Byrom and Jerry Byrom filed separate objections to the sale of the property, asserting that the property is their homestead and constitutionally protected from forced sale. The Rusk County district court's

4

November 14, 2014, Decree Ordering Sale of Real Property includes the statement that "all matters of fact and things in controversy were submitted to the Court." After "due consideration of all matters of fact and law, and after hearing the evidence and arguments of counsel," the trial court ordered Penn to sell the property. Thereafter, Appellants filed a motion for new trial requesting the trial court set aside the order of sale based solely on their argument that the property is their homestead, protected from forced sale. Their motion for new trial was overruled by operation of law.

The record shows that Appellants placed the issue before both the Cherokee County court and the Rusk County district court. The Cherokee County court issued findings of fact in which it stated that the issue had been resolved. The Rusk County district court considered the issue, refused to rule in Appellants' favor, and allowed their motion for new trial on the issue to be overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). We conclude that the record affirmatively shows that the question of the homestead status of the property at issue was resolved against Appellants. *See* **Cline**, 8 S.W.2d at 638-39. Therefore, the record does not conclusively negate the existence of jurisdiction. *See* **Kendall**, 340 S.W.3d at 503.

Additionally, this court has considered the homestead question. In Jerry Byrom's first appeal from the Cherokee County court's order for a constructive trust, he argued that the court exceeded its authority by ordering the constructive trust because the property to be sold is his homestead. This court overruled the argument because Byrom failed to provide an adequate substantive analysis and presented nothing for review. **In re Estate of Byrom**, 12-09-00279-CV, 2011 WL 590588, at *6 (Tex. App.—Tyler Feb. 16, 2011, pet. denied) (mem. op.). Two years later, in another appeal from the Cherokee County court order for constructive trust and sale of the property, Jerry Byrom again attempted to use homestead law to attack the order. This court held that the complaint was barred by res judicata and explained that, because Byrom obtained the property with misappropriated funds, homestead law does not protect the property. **In re Estate of Byrom**, 12-12-00374-CV, 2013 WL 3967432, at *2 (Tex. App.–Tyler July 31, 2013, pet. denied) (mem. op.). In their first appeal of the Rusk County district court order, Appellants raised the homestead protection argument to attack the Rusk County order of sale and the two prior Cherokee County court orders impressing a constructive trust and compelling the sale. This court held that their argument has no merit, and the constitutional rights they claim are not available to them, because the home was built with money Byrom wrongfully obtained from his mother's

5

estate. ***Byrom***, 2016 WL 4447698, at \*2. The question of whether the property at issue is the Byrom's homestead has been previously decided adversely to them. Thus, it is now the law of the case. *See **Briscoe v. Goodmark Corp.***, 102 S.W.3d 714, 716 (Tex. 2003); ***Byrom***, 2016 WL 4447698, at \*2; ***In re Estate of Byrom***, 2013 WL 3967432, at \*2.

The record does not conclusively negate the existence of the Cherokee County court's jurisdiction. *See **Rivera***, 379 S.W.3d at 272; ***Kendall***, 340 S.W.3d at 503. Appellants' collateral attack of the complained-of Cherokee County court orders, and all related awards of attorney's fees, fails. To the extent Appellants complain of the Rusk County district court's orders on this basis, that attack also fails. We overrule Appellants' second issue.

## DISPOSITION

Having overruled Appellant's two issues, we ***affirm*** the March 7, 2018, and August 14, 2018, orders of the 4th District Court of Rusk County.

BRIAN HOYLE
Justice

Opinion delivered May 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2019**

**NO. 12-18-00335-CV**

**JERRY BYROM, DIMPLE BYROM, AND DOROTHY BERRY,**
Appellants
V.
**JILL CAMPBELL PENN, IN HER CAPACITY
AS COURT APPOINTED RECEIVER,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2016-072)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **JERRY BYROM, DIMPLE BYROM, AND DOROTHY BERRY**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*