# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41050

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

IN THE MATTER OF: RICHARD POSTON,

Debtor.

FLOORING SYSTEMS, INCORPORATED,

Appellant,

v.

MICHELLE CHOW,

Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

This appeal began as an adversary proceeding in the bankruptcy of debtor Richard Eric Poston, in which the bankruptcy trustee/plaintiff Michelle Chow sought to avoid the pre-bankruptcy transfer of $18,529.64 to creditor/defendant Flooring Systems, Inc., as a preferential transfer made within 90 days prior to the debtor's filing for bankruptcy. Both the bankruptcy court and district court, analyzing the stipulated facts, concluded that the

No. 13-41050

transfer was indeed a preferential transfer avoidable by the trustee. Flooring Systems appealed, and we now AFFIRM.[1]

In brief, Flooring Systems obtained a judgment against Mr. Poston on June 20, 2007, in Texas state court, then filed an Application for a Turnover Order and for Appointment of a Receiver on August 24, 2007, pursuant to the Texas Turnover Statute, TEX. CIV. PRAC. & REM. CODE § 31.002, which "allows the court to reach the assets owned and subject to the control of a judgment debtor, even if those assets are in the hands of a third party."[2] Section 31.002(b)(3) permits a court to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Following a hearing, the Texas state court appointed receiver Michael Bernstein pursuant to an order signed October 26, 2007.

The funds at issue in this case were held in Mr. Poston's bank account at Plains Capital Bank. As a financial institution, the bank is subject to section 31.002(g), which provides: "With respect to turnover of property held by a financial institution in the name of or on behalf of the judgment debtor as customer of the financial institution, the rights of a receiver appointed under Subsection (b)(3) do not attach until the financial institution receives service of a certified copy of the order of receivership . . . ." Flooring Systems did not serve the bank with a certified copy of the receivership order until November 20, 2007. On December 18, 2007, the bank turned over a $22,923.05 check

---

[1] The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(F) and 11 U.S.C. § 502, 544, 547, 548, and 550, and the district court exercised its jurisdiction over the bankruptcy appeal under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 1291.

[2] *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995) (citing *Norsul Oil & Mining v. Commercial Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex. App. 1985, no writ), and *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991)).

No. 13-41050

payable to Mr. Bernstein, and on January 15, 2008, with the state court's approval, Mr. Bernstein paid Flooring Systems $18,529.64.

Mr. Poston filed for bankruptcy relief under Chapter 11 on January 31, 2008, which was later converted to a Chapter 7 liquidation on November 17, 2008. Ms. Chow was appointed trustee in early 2010 and filed an adversary proceeding against Flooring Systems, seeking to recover the $18,529.64 disbursed by Mr. Bernstein in the state turnover proceeding as a preferential transfer avoidable under section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b). The statute provides, in relevant part:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>> (1) to or for the benefit of a creditor;
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>> (3) made while the debtor was insolvent;
>> (4) made--
>>> (A) on or within 90 days before the date of the filing of the petition; . . .
>> (5) that enables such creditor to receive more than such creditor would receive if--
>>> (A) the case were a case under chapter 7 of this title;
>>> (B) the transfer had not been made; and
>>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is undisputed that the $18,529.64 transfer meets most of these statutory requirements. The only question is when Mr. Poston transferred the interest in his bank account at Plains Capital Bank.

Because Mr. Poston filed for bankruptcy on January 31, 2008, the 90 day preference period commenced on or about November 2, 2007. The

No. 13-41050

determinative issue is whether Mr. Poston's interest in the bank account transferred at the moment the Texas state court appointed a receiver under the turnover order on October 26, 2007, which would fall outside the preference period and thus allow Flooring Systems to keep the money; or whether it transferred on November 20, 2007, when the bank received a certified copy of the receivership order, which would fall within the preference window and make the transfer avoidable.

In well written opinions that addressed all of Flooring Systems' properly asserted arguments,[3] both the bankruptcy court and district court concluded that the transfer in question did not occur until November 20, 2007, when the bank received the requisite notice of receivership order under section 31.002(g) ("[T]he rights of a receiver . . . do not attach until the financial institution receives service of a certified copy of the order of receivership . . . ."). Therefore, because the transfer of the bank account occurred less than 90 days before Mr. Poston filed for bankruptcy and because the transfer met all the other requirements for a preferential transfer, the lower courts concluded that the transfer is avoidable by the trustee in this case. We agree, for essentially the reasons assigned by the lower courts.

For the reasons set out above, and those assigned by the lower courts, we AFFIRM.

---

[3] The district court concluded that Flooring Systems failed to timely raise a Full Faith and Credit argument and therefore had waived it. We agree.